DREUX vs. HIS CREDITORS.

Pending an appeal from the homologation of a tableau of distribution, none of the creditors can compel payment of the sum for which they are placed on the tableau.

The wife, by renouncing her mortgage on property sold by her husband, does not abandon her right on that previously alienated by him.

APPEAL from the first judicial district.

MATTHEWS, J. delivered the opinion of the court. This case was before the supreme court in June term, 1856, on an appeal taken by two of the creditors, who opposed the homologation of a tableau of distribution, which had been filed by the syndics of the insolvent's estate. The appellees in that instance succeeded in their opposition, and the cause was remanded to the court below, with directions *to that court* to make a new tableau in such a manner as to secure to them the right of privilege and preference, which they claimed on certain specified property belonging to the estate of defendant. The executors of Mrs. Destrehan obtained an order directing the syndics to pay over to them $2442, an amount claimed as being due to the estate of their testatrix, on mortgage, according to the mode in which it

was set down on the tableau of distribution.—

Eastern Dis.
Feb'ary 1828.

This order was obtained at the instance of the counsel for said executors, with the consent of counsel, for one of the creditors who had appealed as above stated, and pending the appeal. The counsel for the syndics moved to have it set aside, and having failed in his motion, he now appeals on their behalf.

DREUX
vs.
HIS CREDITORS.

After the cause returned to the district court, and when a tableau, amended in pursuance of the directions, given by the supreme court, was about to be homologated, opposition was made to its homologation by two other creditors, viz: Mrs. Dreux, and the executors of Mrs. Destrehan. The counsel of the former being satisfied with the manner in which the court below ordered the homologation, took no appeal, as the rights of his client appear to have been recognized and secured.

An appeal having been taken on the part of the latter, and the syndics having appealed from the decree by which they were ordered to pay the sum above stated, to the executors of Mrs. Destrehan, the respective rights of these two parties in relation to the subjects presented by these several appeals, require investigation

The order of which the syndics complain,

Eastern Dist
Feb'ary 1828

DREW
vs.
HIS CREDI-
TORS.

we think was improperly made; it certainly was premature, for pending the appeal which was heretofore taken by some of the creditors, it could not be known in what degree the privilege of others might be affected by the judgment of the appellate court. The result shews, that Mrs. Dreux's right of preference may have been deteriorated, as by that judgment she was postponed to the appellants, in relation to part of the insolvent's estate, whom she outranked on the tableau, as homologated by the court below. This change of situation would render it necessary, in supporting the privilege, to lessen the privilege of other mortgage creditors, should the unincumbered part of the insolvent's property, fail to make good his claim.— The manner in which the decree of homologation of the last tableau is worded, would, perhaps, prevent any difficulty in the final distribution of the estate; but as the order requiring the syndics to pay over any part of it to the executors of Mrs. Destrehan, was improvidently made, previous to the final adjustment of the whole; we are of opinion that said order ought to be annulled.

The opposition made on the part of these executors in the present instance, and in rela-

Eastern Dist.
Feb'ary, 1828.

DREUX
vs.
HIS CREDI-
TORS.

tion to which an appeal is now taken, purports to be based on the rights secured to them by the first tableau which was homologated, and which they allege to be *res judicata*, as to the rights of the succession which they represent.

Two other grounds of opposition state, 1st, the executors allege themselves to be mortgagee creditors of the earliest date, and that, therefore, the property on which they hold their mortgage ought not to be subjected to any of the expenses incurred in the administration of the insolvent's estate.

2d. That as Madam Dreux has renounced her mortgage on her husband's property, subsequently hypothecated by him to other creditors, she is barred from exercising any claim on the property which was specially mortgagad to Mrs. Destrehan.

It is doubtful, from the manner in which the judgment was given by this court when the cause was last before us, whether decree of the court was reversed so entirely as to change the situation of any of the parties to the *concurso*, except the appellants, in that instance: but admitting that the others remained in the places assigned them on the tableau by the former judgment of the district court, the present ap-

Eastern Dist.
Feb'ary 1828.

DREUX
*vs.*
HIS CREDI-
TORS.

pellants can derive no advantage from it, considered as *res judicata*, for their claim was postponed to that of Madam Dreux.

Allowing the case to be open to the opposition filed on the last trial in the district court, the grounds therein assumed are untenable, as has been already settled by decisions of the supreme court. *See 5 Mart. Rep. p, 468, Delor* vs. *Montegut's syndics*, and a case lately decided in relation to Madam Lanusse's claims on her husband's estate after his insolvency.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs, to be paid by the executors of Mrs. Destrehan, &c.

*Seghers* for the plaintiff, *Canon, Denis & Moreau* for the defendant.